Giffen,- J.
The only question in this case is whether a chattel mortgage which contains a- provision allowing the mortgagor to retain possession of the mortgaged property with a power of sale is valid as against a judgment creditor whc has levied on the property.
The provision in the mortgage is as follows:
“It is agreed between the parties hereto that in case of the exchange of any of the above articles of personal property for other articles of the same kind in the course of said business this mortgage is to operate as a lien upon the articles that may be acquired to take the place of such as may be exchanged or sold.”
While this provision confers no express power either to sell or to exchange, yet the terms used clearly imply that such power was to be exercised by the mortgagor, and whether by sale or exchange is immaterial, as in either case it is a dispoition of the property mortgaged.
In the case of Collins et al. v. Myers et al., 16 Ohio, 547, the syllabus is as follows:
“A mortgage of personal property, where the mortgagor retains possession of the property mortgaged with the power of sale, is void as against subsequent purchasers and execution creditors ” .
. And at pa'ge 553, Read, J., says:
“The retention of possession on the part of the mortgagor is only a badge of fraud, whioh may be removed by showing the transaction was honest. * * * But a continuance of possession, with a power of disposition and sale,either express or implied, is quite a different thing.”
To the same effect is the recent case of Francisco et al. v. Ryan, 54 Ohio St., 307.
The clause of (he mortgage under consideration in that case is as^ follows:
“It is hereby understood that whatever portions of said stock that may be sold in general trade, that the goods purchased by the said grantor shall replace those that were sold n general trade, and that this mortgage shall be a lien on iame ”
This stipulation grants no express power of sale or other disposition of the mortgaged property, yet the parties manifestly intended to give such power, and it may be fairly implied as *789 the court did in that case. In the case before us the power of exchange or sale was never exercised — the property at the time of the levy remaining the same as that covered by the mortgage; but this fact does not change the rule that the mortgage, although good as between the parties, is void as against creditors who assert their rights against the property.
John J. Gasser and Ed. M. Spangeriberg, for Plaintiff,in Error. s
Martin M. Durrell and Sidney G. Strieker, for Defendants in Error.
Judgment affirmed.